

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 10, 1939

Hon. C. Woodrow Laughlin
County Attorney
Jam Wells County
Alice, Texas

Dear Sir:

Opinion No. 0-769
Re: When is the clerk author-
ized to tax the three dollar
trial fee for the county
judge in civil cases under
Article 3926?

Your request for an opinion on the above
stated question has been received by this office.

Article 3926, Revised Civil Statutes, reads,
in part, as follows:

"The county judge shall also receive
the following fees:

"Sec. 2. For each case of lunacy dis-
posed of by him, three dollars ($3.00), to
be paid out of the County Treasury. For
each civil cause finally disposed of by
him by trial or otherwise, threedollars
($3.00), to be taxed against the party
cast in the suit; provided, that if said
party has filed his oath of inability to
pay cost during the progress of the cause,
or be unable to pay costs, then the county
judge shall be allowed by the commissioners'
court such compensation as it may deem pro-

per not to exceed three dollars ($3.00)
for such case."

Article 2089, Revised Civil Statutes, reads
as follows:

"The plaintiff may enter a dis-
continuance on the docket in vacation
in any suit,wherein the defendant has
not answered, on the payment of all
costs that have accrued thereon."

Under Article 2089, supra, the plaintiff or his
attorney, may, before the term of court to which the suit
is returnable, make a notation on the file docket that the
same is dismissed and pay all costs accrued up to this time.
In such cases, it is not necessary for the judge to make any
order and therefore, the case is not finally disposed of by
the judge, and he is not entitled to any fee.

Under Article 3926, supra, the county judge
is entitled to receive the sum of three dollars ($3.00)
for each civil cause finally disposed of by him by
trial or otherwise. When a civil suit is filed and is
later dismissed, whether an answer has been filed or
not, it is certainly disposed of, and while it is not
disposed of by trial, yet there is a final disposition
of the matter.

This Department has repeatedly held that
the county judge is entitled to a fee of three dollars
($3.00) for each civil cause finally disposed of by
him by trial or otherwise, except in cases dismissed
by virtue of Article 2089.

You are respectfully advised that it is the opinion
of this Department that the county judge is entitled to a fee
of three dollars ($3.00) for each civil case finally disposed
of, even though the case may be dismissed without a trial
and dismissed before an answer is filed by the defendant.
You are further advised that the county judge is not entitled
to a fee of three dollars ($3.00) in cases dismissed by vir-
tue of Article 2089.

Trusting that the foregoing answers your inquiry, we
remain

Yours very truly

ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
                    Assistant

AW:bbb
APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS